# FOURTH DISTRICT, 1897.

MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY v. T. K. MILLER.

Delivered February 20, 1897.

**1.  Railway Company—Duty to One Assisting Passenger Aboard Train.**
A railway company which allows one to board a train to assist a passenger, after notice that he intends to get off, is bound to so regulate the movement of the train that he can get off without injury to himself.

**2.  Same—Charge of Court—Use of Terms.**
The use of the words "in safety," instead of the words "without injury," in a charge that it is the duty of the railway company, having notice that one who has boarded the train to assist a passenger is going to get off, to so regulate the movement of the train that he may leave it in safety, is not error.

**3.  Same—Matter Assumed—Lighted Platform.**
The court has a right to assume in its charge that a railway company should have its platform sufficiently lighted to enable persons to embark or alight on or from its trains without injury, if the daylight is not sufficient.

**4.  Same—Notice of Desire to Leave Railway Train Given to Porter.**
Where a person entering a car with a passenger states to a porter or brakeman in attendance that he desires to get off, and the conductor, in starting the train, acts upon a statement of such porter or brakeman that it is "all right," the railway company is chargeable with the notice given that the person desired to leave the train, as if it had been given to the conductor directly.

**5.  Same—Permission to One to Board Train, Necessity of.**
A previous consent by the conductor to one boarding a train to assist a passenger is not a prerequisite of the duty to so regulate the movement of the train that he may get off without injury to himself, where he gave notice of such intention to an-

other employe, upon whose statement the conductor acted in giving the signals to start the train, in the absence of any regulations prohibiting persons going aboard for such purposes.

**6.   Charge of Court—Supporting Evidence.**

A charge which would permit a finding in support of which there is no evidence, is properly refused.

Appeal from Hill.    Tried below before Hon. J. M. Hall.

*T. S. Miller* and *Stanley, Spoonts & Thompson,* for appellant.—1. The charge made it the absolute duty of the railway company to hold the train a sufficient length of time to enable plaintiff to leave in safety, thus making it an insurer.    Railway v. Williams, 82 Texas; 342; Railway v. Huffman, 83 Texas, 286; Railway v. McNeill, 25 S. W. Rep., 647; Railway v. Aspell, 23 Pa. St., 147.

2.   The charge of the court erroneously assumed as a fact that it was necessary to have its platform lighted, when its jury might have held that no light was needed.    Calhoun v. Railway, 84 Texas, 226; Garteiser v. Railway, 2 Texas Civ. App., 230; Railway v. Long, 4 Texas Civ. App., 497; Telegraph Co. v. Cocke, 22 S. W. Rep., 1005; Railway v. Williams, 70 Texas, 169.

3.   The railway company was under no obligation to plaintiff, except by permission, and if plaintiff desired to get permission to have said train held until he had time to seat his wife, he was required to obtain same from the conductor, the person in charge of the train.    Miller v. Railway, 8 Texas Civ. App., 241; Dillingham v. Pierce, 31 S. W. Rep., 203; Coleman v. Railway, 84 Ga., 1, 10 S. E. Rep., 498; Lucas v. Railway, 6 Gray (Mass.), 67.

*McKinnon & Carlton,* for appellee.—1.    As to appellee's right to go upon the train, see the following authorities: Railway v. Miller, 8 Texas Civ. App., 241; Hamilton v. Railway, 64 Texas, 251; Railway v. Best, 66 Texas, 116; Campbell v. Harris, 23 S. W. Rep., 35; 2 Beach on Railways, sec. 858, 866; Pierce on Railroads, p. 276; 2 Wood's Railway Law, pp. 1128, 1144; Railway v. Watkins, 29 S. W. Rep., 232.

2.   As to proposition that appellant owed it to appellee to have depot platform lighted, see Railway v. Miller, 8 Texas Civ. App., 241, 27 S. W. Rep., 905.

JAMES, Chief Justice.—T. K. Miller accompanied his wife to defendant's train, at a station where it stopped, and boarded one of the passenger coaches to assist her in getting seated.    His testimony goes to show that, while he was on the platform steps boarding the coach, seeing that the train was about to be started, he told a person seemingly in authority, near the steps, and who, there is evidence to show, was the conductor in charge of the train, that he was to get off.    The train started, and he went with his wife about ten feet into the coach, and

seeing that there were plenty of seats, went out and jumped or swung off, and was injured in doing so. The place where he got off was on the depot platform, near or at the ticket office, the place where passengers on the next coach in front would have gotten on or off. There was evidence that there was no light, or insufficient light, at this place, the time of the injury being about daybreak.

In view of the verdict, we find that there was evidence of negligence on the part of the defendant in moving the train after notice that plaintiff expected to get off, and also evidence of negligence with reference to a person so going upon the train, in not having sufficient light at the place where he would be likely to get off, under the circumstances, and also evidence admitting of the finding that plaintiff was not, under the circumstances, chargeable with contributory negligence.

*Opinion.*—Two propositions are made under the first assignment of error: (1) That the charge conveyed to the jury the idea that, as appellee went on the train, and before the same started, he advised the conductor of the fact that he was to get off the same, which was not an issue made by any testimony; (2) that the charge made it the duty of defendant to stop the train upon the mere exclamation of appellee of a desire to get off, although nothing was said by him until after the train started, and there was no testimony to warrant the finding that the conductor had notice of his desire to get off.

As to the first of these criticisms of the charge, there was evidence that he so notified the conductor before the train started. We should also state that the jury might have been warranted in finding that the train was moving when plaintiff says he gave the notice, and the charge of the court, taken as a whole, proceeded on the theory that notice, if any, was given before the starting. We will not discuss what difference it would have made in the case whether such notice was given before or after starting, if any, because the theory on which the case was submitted to the jury was one supported by evidence, and there is no objection in any assignment to the charge on the ground that it was on the weight of evidence in this respect, nor was any charge asked presenting a different theory.

Upon this view in reference to the second proposition, it is our opinion that, if the exclamation was made under circumstances that conveyed to the person in charge of the train previous notice of plaintiff's intention to get off, which was a question of fact, it became defendant's duty, if it had allowed or indulged the act that plaintiff was engaged in, to so regulate the movement of the train as to admit of his getting off without injury to himself.

Under the second and third and other assignments a proposition is urged that the court erred in using the expressions "reasonable time to leave said train in safety," or "so that plaintiff could see sufficiently to enable him to leave the train safely," in connection with defendant's alleged negligence. This is claimed to have made defendant an insurer.

We are of opinion that the language was not improper in a charge, and did not hold defendant to too great a responsibility, and was in effect the same as if it had used the words "without injury," instead of "in safety."

Other objections to the charge referred to by the third assignment are not maintainable. In reference to the lighting of the platform, the charge assumed no fact, but left it to the jury to determine whether or not defendant negligently failed to provide sufficient light at the place where plaintiff alighted.

In connection with the charge complained of, the court charged: "But if you believe that plaintiff did not tell said conductor to hold on, that he had to get off the train, and shall further believe that there was sufficient light furnished by defendant's employes, or that the daylight, if any, was sufficient to enable plaintiff, with the use of ordinary care, as hereinafter explained, to see how to leave the train safely, then you will find for defendant."

The court had the right to assume that defendant should have the platform lighted sufficiently for the purpose of embarking, or alighting on or from its trains, if the daylight was not sufficient, for the statute prescribes the duty. Revised Statutes of 1895, art. 4521.

Under the fourth assignment the propositions are that, under the charges, before the jury could find for defendant, they must find, first, that plaintiff did not notify the conductor to hold the train; and second, that there was sufficient light provided to enable plaintiff, by the use of ordinary care, to leave the train safely; when, as a matter of law, the want of notice would have of itself relieved defendant; and further, that the words "in safety" were too onerous.

The latter we have disposed of. The former objection is clearly met by the following clause given in immediate connection with the clause complained of: "But, in connection with the charge herein given, you are further instructed that, in order for plaintiff to derive any benefit from the fact, if it be a fact, that the railroad platform was not lighted at the place in question, it is necessary that you should first find, under the evidence and other instructions given you, that the defendant negligently violated some duty it owed him in reference to starting the train."

The fifth assignment is as follows: "The court erred in that part of its charge where it instructed them that notice to the porter or brakeman would not be notice to the conductor, unless the conductor acted upon the information given him by the porter or brakeman as to the proper time in which to start the train, in which event the jury were told that notice to the porter or brakeman would be notice to the conductor."

There was some evidence that the conductor was at the baggage car when plaintiff says he gave notice that he was to get off, and that the person he addressed himself to was not the conductor, but the porter or brakeman. There was, however, ample evidence that the person was the conductor. There was testimony that the process of starting the train on that occasion was that the conductor, who was in front, said

"all right," or "all aboard," and the employe (brakeman or porter) at or near the place where plaintiff entered the train said "all right here," and the conductor said, "let her go." It would seem from this that it was inferable that the porter or brakeman, in the exercise of his duties, was instrumental in starting or holding the train, and notice to him under these circumstances would be notice to the conductor, and in fact to the company, as much so as notice to the conductor directly.

We think, also, that it was not essential, in order to entail on the defendant the duty to so handle the train as to allow reasonable facility for the plaintiff to get off without harm to himself, that the conductor be first seen and his permission obtained for plaintiff to go upon the train to see his wife seated. The company unquestionably had power, as a reasonable regulation of its business, to keep the husband from the train, or to prevent him from entering, he not being a passenger; but if, in the absence of any measures to that end, it allows persons who are not passengers to approach and board its train, for the purpose of assisting its passengers to a seat, its consent thereto is as much obtained as if it were expressly given.

The thirteenth assignment complains of the refusal of a charge which read thus: "If the jury find that while the plaintiff was in the act of boarding the train, or before he had gotten on the steps of same, he found that the same started to move, and that he had no reasonable ground to believe that it would be stopped to allow him to get off, and thereupon he proceeded to go into the car before attempting to get off, and the jury believe that such delay on his part caused or contributed to the accident, and further find that a reasonably prudent man would not have acted as plaintiff did, then that plaintiff was guilty of such negligence as would prevent a recovery on his part."

This charge had reference to contributory negligence of plaintiff. It would have permittted the jury to find that the train was moving before plaintiff went upon the steps, when there was not a particle of evidence of that fact, and it was properly refused, as not applicable to the evidence; for the concluding part of the charge admitted of the jury taking into consideration the act of plaintiff getting on the steps after the train had started, in reference to his having acted as a reasonably prudent person would have done.

The case of Railway v. McGlamory, 35 S. W. Rep., 1058, is cited as authority for the charge. The court in that case concluded that the charge then before it was not an incorrect one.

It might be contended, with reference to the charge before us, that if not correct in itself, it amounted to a request for a proper charge on the issue or phase of the case it presented, and that the court should have given a proper charge in that respect, as some of our decisions have stated. But this is not a point made, and it is observed that the issue of contributory negligence was submitted, and very favorably to defendant, in requiring the jury to believe that plaintiff used such care

as a man of ordinary prudence would have used under like circumstances to leave the train as soon as possible.

There is no merit in the remaining assignments discussed in appellant's brief, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.